IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DOUGLAS P. HUTCHISON, JR., | ) | CASE NO. 14 B 7038 |
| | ) | |
| DEBTOR. | ) | HONORABLE JUDGE BARNES |

**DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES THE DEBTOR, DOUGLAS P. HUTCHISON, JR., hereinafter referred to as "DEBTOR", by and through his Attorneys, ROUSKEY AND BALDACCI by CHRIS D. ROUSKEY, and in support of his Motion for Entry of a Final Decree states to this Honorable Court as follows:

JURISDICTION AND VENUE

1. That this Honorable Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157 and 1334. That this matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2). That venue for this Motion is proper pursuant to 28 U.S.C. 1408 and 1409.

2. That the statutory predicates for the relief requested herein are Section 350(a) of the United States Bankruptcy Code ("Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 3022 ("Bankruptcy Rules").

BACKGROUND

3. That on February 28, 2014 ("Petition Date"), the Debtor filed a voluntary Petition for Relief under Chapter 11 of the

Bankruptcy Code. That no Trustee, examiner, or creditor's committee was appointed in this case.

4. That on June 10, 2015, the Debtor filed his Third Amended Plan of Reorganization ("Third Amended Plan"); that on August 28, 2015, this Honorable Court entered an Order confirming the Debtor's Third Amended Plan of Reorganization; and that the Effective Date of Confirmation was August 28, 2015.

5. That pursuant to the terms of the Debtor's Third Amended Plan, Class 1 Claims consist of the Allowed Priority Claim of the Internal Revenue Service in the approximate amount of $14,953.49 representing Debtor's liability for un-paid federal income taxes for the taxable years 2012 and 2013. Pursuant to the terms of the Third Amended Plan, the Debtor shall make 43 monthly installment payments in the amount of $377.75 each in full satisfaction of said Claim, without interest. Said installment payments were to commence 30 days after confirmation and continue each month thereafter until such time as said debt is paid in full. The priority claim shall be paid in full, in cash, either on the Plan Effective Date or in regular installment payments within five years of the date of the Petition, including interest. The Debtor is current in all installment payments due and owing the Internal Revenue Service.

6. That pursuant to the terms of the Debtor's Third Amended Plan, Class 2 Claims consists of the Allowed Priority Claim of th Illinois Department of Revenue in the approximate amount of $9,619.22 representing the Debtor's liability for unpaid state

income taxes for the taxable year 2012. Pursuant to the terms of the Third Amended Plan, the Debtor shall make 60 monthly installment payments in the amount of $160.32 each in full satisfaction of said Claim, without interest. Said installment payment were to commence 30 days after confirmation and continue each month thereafter until such time as said debt is paid in full. The Debtor is current in all installment payments due and owing the Illinois Department of Revenue.

7. That pursuant to the terms of the Debtor's Third Amended Plan, Class 3 Claims consist of the Allowed Priority Claim of the Illinois Department of Employment Security in the approximate amount of $45,000.00. Since confirmation of the Debtor's Third Amended Plan, it has been determined that there are no monies due and owing the Illinois Department of Employment Security.

8. That pursuant to the terms of the Debtor's Third Amended Plan, Class 4 Claims consist of the Allowed Secured Claim of Chase Home Mortgage in the approximate amount of $376,111.10. Pursuant to the terms of the Third Amended Plan, the Debtor shall continue to make payments to Chase Home Mortgage pursuant to the terms of the loan documents. The Debtor is current in all installment payments due and owing Chase Home Mortgage.

9. That pursuant to the terms of the Debtor's Third Amended Plan, Class 5 Claims consist of the Allowed Secured Claim of Chase Home Finance in the approximate amount of $85,026.65. Pursuant to the terms of the Third Amended Plan, the Debtor shall make monthly installment payments in the amount of $493.12 each

in full satisfaction of said claim. Said payments were to commence 30 days after confirmation and continue until such time as said claim is paid in full. The Debtor is current in all installment payments due and owing Chase Home Finance.

10. That pursuant to the terms of the Debtor's Third Amended Plan, Class 6 Claims consist of the Allowed Secured Claim of JP Morgan Chase Bank in the approximate amount of $26,696.54. Pursuant to the terms of the Third Amended Plan, the Debtor shall continue to make payments to JP Morgan Chase Bank pursuant to the terms of the Retail Installment Contract. The Debtor is current in all payments due and owing Chase Home Mortgage.

11. That pursuant to the terms of the Debtor's Third Amended Plan, Class 7 Claims consist of the Unsecured General Claims in the approximate amount of $151,785.95, with said claims being paid approximately 32.50% of their claim over a five-year period from semi-annual installments in the amount of $5,000.00 each, pro rata, without interest, with the first payment due 180 days after confirmation. The Debtor is current in all payments due and owing Class 7 Claimants.

<u>THE COURT SHOULD ENTER A FINAL DECREE
CLOSING THE DEBTOR'S CASE</u>

12. That Section 350(a) of the Bankruptcy Code provides in relevant part that "after an estate is fully administered and the Court has discharged the Trustee, the Court shall close the case".

13. That the following is a list of non-exclusive factors or events that Courts often consider when determining whether to close a Chapter 11 case:

    (A) Whether deposits required by the Plan have been distributed.

    (B) Whether all property proposed by the Plan to be transferred has been transferred.

    (C) Whether the Debtor or the Successor of the Debtor under the Plan has assumed the business or management of the property dealt with by the Plan.

    (D) Whether payments under the plan have commenced.

    (E) Whether the Order confirming the Plan has become final.

    (F) Whether all Motions, contested matters, and adversary proceedings have been finally resolved.

14. That as of the date of the filing of this Motion, all deposits required by the Debtor's Third Amended Plan have been distributed; all payments under the Third Amended Plan have commenced and are current; the Order confirming the Third Amended Plan has become final; and there are no Motions, other than this Motion, contested matters, and/or adversary proceedings presently pending before this Honorable Court.

15. That it is unnecessary to burden this Honorable Court's docket or to require the Debtor to pay additional administration fees until August 28, 2020, the date when all payments required to be paid pursuant to the Debtor's Third Amended Plan have been paid in full. Therefore, it is appropriate for this Honorable Court to enter a Final Decree closing this case.

    WHEREFORE, the Debtor, DOUGLAS P. HUTCHISON, JR., respect-

fully request that this Honorable Court enter an Order as follows:

    A.   Entering a Final Decree closing this Chapter 11 case.

    B.   Granting such other relief as is necessary and proper.

                                Respectfully Submitted,

                                **DOUGLAS P. HUTCHISON, JR.,**
                                Debtors

                        BY_____/S/_____
                          **CHRIS D. ROUSKEY,** His Attorney

CHRIS D. ROUSKEY
ROUSKEY AND BALDACCI
151 SPRINGFIELD AVENUE
JOLIET, ILLINOIS 60435
815-741-2118
IL REGISTRATION NO. 03123595